## PRITCHETT v. McGAUGHEY.

[No. 18,535.    Filed December 22, 1898.]

APPEAL AND ERROR.—*Parties.*—*Joint Judgment.*—*Notice.*—*Appearance.*— The appearance in the Supreme Court by the husband at the time of the filing of an appeal by his wife from a judgment foreclosing a mortgage given by her, and filing his declination to join in the appeal, and his waiver of notice of such appeal is sufficient to authorize the court to entertain jurisdiction of the appeal. *pp. 638, 639.*

SAME.—*Answer.*— *Carrying Demurrer Back to Complaint.*—Where defendant's answer was held good on demurrer she cannot urge on appeal that the court erred in not carrying the demurrer back to the complaint.  *pp. 639, 640.*

PLEADING.—*Demurrer.*—*Reply.*—A demurrer to a reply "for the reason that it does not state facts sufficient to constitute a cause of reply herein" is not in compliance with the statute; the demurrer should be on the ground that the facts stated in the reply are not sufficient to avoid the answer.  *p. 640.*

MORTGAGES.—*Married Women.*—*Husband and Wife.*—A decree foreclosing a mortgage executed by a married woman on her separate real estate and rendering judgment for the full amount thereof is erroneous where it was shown by the evidence that a large portion of the debt secured by the mortgage was the debt of the husband. *pp. 640-642.*

From the Knox Circuit Court.    *Reversed.*

*Samuel W. Williams,* for appellant.

*William F. Townsend, John Wilhelm* and *H. Burns,* for appellee.

HOWARD, J.—This was an action to foreclose a mortgage given by appellant and her husband to appellee.    There was a trial and judgment of foreclosure in favor of appellee.   The appellee has filed a motion to dismiss the appeal for the reason that the judgment was joint against appellant and her husband, James M. Pritchett, "and the said James M. Pritchett did not join in the appeal in said cause, nor was he made an appellant therein, and notice given

to him of such appeal." It does appear, however, that, at the same time the appeal was filed in this court, there was also filed by the said judgment defendant his declination to join in the appeal and his waiver of notice of such appeal. It has been held that this is sufficient to authorize the court to entertain jurisdiction of the appeal. All the parties to the judgment are before the court in such sense as to preclude any of them from ever questioning the conclusion to be reached on the appeal. As said in *Forsythe* v. *City of Hammond,* 142 Ind. 505, 30 L. R. A. 576, "The purpose of the statute (section 647, Burns' R. S. 1894, 635, R. S. 1881) was to provide that a part of those against whom a joint judgment was rendered might appeal, without compelling the remaining judgment defendants to appeal, and yet give all an opportunity to join in the appeal, so that but one appeal might be taken in one case. Notice is consequently provided to be given to those not joining in the appeal. If, however, such parties come voluntarily before this court and decline to join in the appeal, it would seem that as to them all is accomplished that was intended by the statute."

The appellant in her brief first calls attention to the insufficiency of the complaint. There was no demurrer filed to the complaint in the court below; neither is there any assignment in this court calling in question its sufficiency. But counsel say that appellee's demurrer to the answer should have been carried back and sustained to the complaint. It may be replied, first, that appellant has not assigned any such error, even if it existed. In the second place, it is to be observed that in this case the demurrer to the answer was overruled, and the answer consequently held good. Appellant cannot complain of a ruling in her own favor. "Where a defendant's answer is

held good on demurrer," it was said in *Gilbert* v. *Bakes*, 106 Ind. 558, "he cannot successfully urge on appeal that the court erred in not carrying the demurrer back to the paragraph of the complaint to which the answer was addressed." Had the court sustained the demurrer to the answer, and had appellant made proper assignment of error on such ruling, the question sought to be raised might be properly before us.

Complaint is next made that the court overruled appellant's demurrer to the second paragraph of the reply. This demurrer is in form as follows: "Comes now Elizabeth Pritchett and files this her separate demurrer to the 2nd paragraph of plaintiff's reply, for the reason that the same does not state facts sufficient to constitute a cause [of] reply herein." This is not a compliance with the statute (section 360, Burns' R. S. 1894, 357, Horner's R. S. 1897). The provision of that statute is that, "The defendant may demur to any paragraph of the reply, on the ground that the facts stated therein are not sufficient to avoid the paragraph of answer, or, if the answer be a set-off or counterclaim, any part thereof." The demurrer under consideration is merely to the effect that the facts stated in the reply are not sufficient to constitute a reply. The reason or ground of insufficiency, as the same is required by the words of the statute, must be stated in the demurrer. For a like holding as to an insufficient demurrer to an answer, see *Thomas* v. *Goodwine*, 88 Ind. 458.

It is finally contended by appellant that the finding of the court is not sustained by sufficient evidence. Counsel for appellee have not offered us anything in opposition to this contention, but merely say that the finding is abundantly justified and sustained by evidence adduced, without, however, pointing out

any such evidence. We have consequently gone through the voluminous record, item by item, to discover, if we might, sufficient evidence to support the conclusion reached by the court. The defense made was that the appellant was at the date of the mortgage, and still is, a married woman, and that the indebtedness secured by the mortgage was not incurred for her use, or for the improvement of her estate, but was wholly due by her husband. It is not questioned that the husband was at the date of the mortgage, and has since continued to be, insolvent. The appellee is his stepfather, and was security for him as to some of his debts, and was, besides, well acquainted with his business affairs. The amount of the note secured by the mortgage in suit was $700. Of this sum, appellee's evidence, without taking any account of evidence given by appellant, shows but two items for which appellant could in any way be held liable. There was a former mortgage made by appellant and her husband upon a tract of about 240 acres, of which tract one of the forty acre lots covered by the mortgage in suit formed a part. The debt thus made a lien upon the 240 acres, amounting, with interest, to $263, was, consequently, a lien on a part of appellant's land. The evidence shows further, or at least tends in some degree to show, that $200 more of the amount secured by appellee's mortgage was paid by appellee for a lease of land to appellant and her husband, the lease being put in appellant's name. This evidence, while somewhat shadowy, may have been deemed sufficient by the court. The remaining items of the $700 debt to appellee are, however, clearly shown by his own evidence to be no part of appellant's legal obligations. One item of $100 was for a note in bank due by appellant's husband, on which,

moreover, appellee was himself security. The rest of the money borrowed remains practically unaccounted for. Appellee himself testifies expressly that he paid no part of it to appellant, and that he gave her no check for any of it. Part of it seems to have been intended to pay a physician's bill. This, of course, unless it should be otherwise shown, was a debt of the husband.

One of the reasons named in the motion for a new trial is that the damages assessed are excessive. This reason plainly appears from the evidence to be well grounded. It is pretty clear that this is a complicated family trouble. The wife of appellee, who is also the mother of appellant's husband, seems to have tried to help the young people, who were suffering from sickness and financial embarrassment, and the money was, in good faith, loaned to them for this purpose. The evidence fails to show, however, that any very large part of the money so loaned was in a legal sense the debt of the wife, who, with her husband, had executed the mortgage on her land to secure it. A new trial ought to be granted, that the rights of the parties may be more carefully adjusted. Leave is also granted to amend pleadings. Judgment reversed.