## STEWART v. DARBY ET AL.

[No. 10,352.  Filed June 2, 1920.  Rehearing denied November 17, 1920.  Transfer denied March 10, 1921.]

1. APPEAL.—Review.—Verdict.—Answers to Interrogatories.— In an action in trespass, where the complaint merely alleged that defendant unlawfully and maliciously removed plaintiff's household goods from their home without stating the relationship between the parties, held that the defendant's motion for judgment on the jury's answers to interrogatories was properly overruled, though such answers showed that the relationship between plaintiffs and defendant was that of master and servant, and that defendant acted in good faith and used no more force than was necessry in removing the property. p. 121.

2. APPEAL.—Review.—Harmless Error.—Instructions.—In an action in trespass, the giving of erroneous instructions relative to whether the relationship of landlord and tenant existed between the parties to the action is not reversible error, in view of the jury's answers to interrogatories showing that no such relationship existed.  p. 123.

From Decatur Circuit Court; *John W. Donaker,* Judge.

Action by Ernest L. Darby and others against Ed. Stewart. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Hugh D. Wickens, John E. Osborn* and *Frank Hamilton,* for appellant.

*George L. Tremain* and *Rollin A. Turner,* for appellees.

McMAHAN, C. J.—Complaint by appellees alleging that appellant unlawfully and maliciously entered the house in which appellees were living and wrongfully, unlawfully, forcibly and maliciously removed and took all of appellees' household goods and wearing apparel therefrom, and that in so doing said property was damaged and destroyed.

The cause was tried by jury and resulted in a verdict for appellees for $500. In connection with the general verdict the jury answered certain interrogatories. Appellant's motion for judgment on the interrogatories and answers and his motion for a new trial were overruled. Appellees remitted $250, after which judgment was rendered in favor of appellees for $250.

Appellant's first contention is that the court erred in overruling his motion for judgment on the interrogatories and answers thereto notwithstanding the general verdict. In this connection appellant insists that the special facts found by the jury show that the relationship existing between appellant and appellees was that of master and servant; that appellant acted in good faith, and used no more force than was necessary in removing the property. In support of this contention appellant states that appellees' complaint was based upon the theory that the relation of landlord and tenant existed between appellant and appellees, and that the jury in answering the interrogatories found that no such relationship existed. The complaint made

no reference to the relationship existing between appellees and appellant. It simply alleged that appellant unlawfully and maliciously entered their home and unlawfully and maliciously removed and injured their property. The jury by their general verdict, as well as by the answers to interrogatories, found that the facts alleged in the complaint were true. The answers to the interrogatories supported the general verdict and did not in any particular conflict therewith. There was no error in overruling the motion for judgment *non obstante.*

Appellant next contends that the verdict is not sustained by sufficient evidence. Appellant admits that he entered the house occupied by appellees and removed their goods therefrom. There is ample evidence to show that the entry and the removal of the property from the house were forcibly and maliciously made, and that appellees' property was maliciously injured. No good purpose can be subserved by reviewing the evidence of the several witnesses. We have read the testimony of all the witnesses and have no hesitancy in saying that the verdict is supported by the evidence.

Appellant next contends that the answers of the jury to interrogatories Nos. 11, 13, 14, 15 and 16 are not supported by sufficient evidence. The jury by its answer to interrogatory No. 11 found that appellant did not terminate the employment of appellee Ernest by discharging him October 29, 1916. This is not a controlling fact in the determination of the question now under consideration. If the jury had found the facts otherwise, it would not change the result. The answers to interrogatories Nos. 13, 14, 15 and 16 stated the costs of repairs made, the total damages to appellees' property, that appellant did not remove the property in a careful manner and that all of appellant's acts in remov-

ing the goods from the house were done carelessly and recklessly.   These facts are supported by the evidence.

The next contention is that the damages assessed are excessive.

Appellee Ernest L. Darby testified that the value of the property before it was taken out of the house was $700 or $800, and that its value after it was taken out was $300.   Appellees both testified that dishes were broken, the furniture was injured, that clothing and wearing apparel were torn, while appellant introduced evidence to the effect that the property was not damaged to exceed the amount which was paid for the repair.   The jury by their verdict and in answer to interrogatories found that the property was damaged in the sum of $500.   The appellee filed a remittitur of $250, and there is sufficient evidence to sustain the action of the court in rendering judgment for the amount of the verdict less the amount remitted.

Appellant insists that the court erred in giving instructions Nos. 1, 3, and 6 on its own motion, and in giving instructions Nos. 1, 2, 3, 7, 8 and 10 at the request of appellees, and in refusing to give instructions Nos. 6, 8 and 10 requested by appellant.

We have examined all the instructions given and those refused, and find no reversible error in the action of the court in giving or in refusing to give any of them.   Appellant makes special complaint of certain instructions relative to whether the relationship of landlord and tenant existed between appellant and appellees.   But the jury in answering the interrogatories found that no such relationship existed.   The instructions upon that subject, even though erroneous, would not amount to reversible error.   There was no error in overruling the motion for a new trial.

Judgment affirmed.