## MIDLAND CASUALTY COMPANY *v.* LUCAS.

[No. 12,881. Filed December 19, 1928. Rehearing denied June 28, 1929. Transfer denied December 10, 1929.]

*Anderson, Donovan & Steinle, Owen S. Boling* and *Walter G. Todd,* for appellant.

*Oscar Ratts* and *Means & Buenting,* for appellee.

THOMPSON, J.—This is an action based upon an accident insurance policy which called for payment of $4,000 in event of death. The insured was one James A. Lucas, who was shot and killed while the policy was in effect. Appellee is his widow and the beneficiary named in the policy.

To the complaint there was a general denial and second paragraph of answer, to which there was a reply in denial and an affirmative paragraph of reply, to which appellant's demurrer was overruled.

A trial by jury resulted in a general verdict in favor of appellee for $4,275, on which, after appellant's motion for judgment on answers to interrogatories and for a new trial, were each overruled, judgment was rendered, from which this appeal.

The errors relied upon for reversal are that the court erred: (a) In overruling appellant's demurrer to the affirmative paragraph of appellee's reply to the second paragraph of answer; (b) in overruling appellant's motion for judgment on answers to interrogatories notwithstanding the general verdict; and (c) in overruling appellant's motion for a new trial.

It is averred in the complaint, briefly stated: That on November 10, 1923, by its policy of insurance, duly made and executed to James A. Lucas, and in consideration of the warranties contained in the application, and the payment of $38 as an annual premium therefor, appellant thereby insured said Lucas to continue thereafter as long as he should pay the annual premium, which

annual premium he has from time to time paid, and that the policy was in full force and effect at the time of the death of the insured hereinafter averred; that, by said policy, appellant provided that in the event of bodily injuries effected directly, exclusively and independently of all other causes through accidental means, subject to conditions and limitations contained in said policy, resulting in the death of said Lucas, to pay to appellee, the beneficiary designated in said policy, if still living, the sum of $4,000; that, at the time said policy was issued, appellee was the wife of said Lucas, and remained his wife until the time of his death, and was designated as beneficiary in said policy; that on January 22, 1925, while said policy was in full force, said Lucas received a bodily injury through external, violent and accidental means, by being shot through the right lung by some person unknown to the appellee, while making an attempt to rob him, which injury caused his death within 12 hours.

There are averments of full performance, due notice of death, and unreasonable delay in payment, with a demand for judgment.

The second paragraph of answer admits the execution of the policy sued on, but alleges, in substance, that such policy was issued upon a written application therefor made by the insured, which application was made a part of the contract sued on; that it was agreed, under clause 15 thereof, that if any of the answers to the questions asked the insured in such application should be false, the right of recovery on the policy would be barred; that the insured stated in such application that, at the time, his occupation was that of automobile salesman, office and selling on floor only; that he was employed in his own business, which was that of an automobile business, and that he did not have in contemplation any·

special journey or hazardous undertaking; that, when such statements were made, the insured was not in the automobile business, that he did not own a business, and was not an automobile salesman, but was engaged solely in the illegal business of transporting and selling intoxicating liquor by automobile from foreign points to Indianapolis; that such false answers were material, both to the acceptance of the risk and to the hazard assumed by appellant.

To this answer, the affirmative paragraph of reply avers that the insured was not killed in any hazardous undertaking such as is mentioned in the second paragraph of answer; that he was killed while at home with his family, and in his own yard; and, as to the other matters alleged in said paragraph of answer, the same were waived by appellant after the time appellant claims it procured the alleged information set out in said paragraph of answer by attempting to collect the premium on said policy, by sending out a statement therefor, and thereby reaffirmed said policy and ratified the same.

Appellant earnestly contends that its demurrer to the affirmative paragraph of reply should have been sustained, but appellant is unfortunate in the form in which it expressed such alleged demurrer. So far as we need to quote, it is as follows: "Neither said second nor third paragraph of reply contains facts sufficient to constitute a good reply to defendant's amended second paragraph of answer."

Section 381 Burns 1926, expressly provides that "the defendant may demur to any paragraph of the reply on the ground that the facts stated therein are not sufficient to avoid the paragraph of answer."

No such ground for demurrer to a reply, however, as is contained in the alleged demurrer is recognized by the statute, and, therefore, there was no reversible error in overruling it. *Krathwohl* v. *Dawson, Gdn.* (1894),

140 Ind. 1, 6, 38 N. E. 467, 39 N. E. 496; *Sovereign Camp, etc.,* v. *Haller* (1903), 30 Ind. App. 450, 66 N. E. 186; *Pritchett* v. *McGaughey* (1898), 151 Ind. 638, 52 N. E. 397; *Scott* v. *Collier* (1906), 166 Ind. 644, 78 N. E. 184. As hereinafter appears, however, appellant was not harmed by the court's ruling upon said alleged demurrer.

At the trial of the cause, appellant tendered its instructions Nos. 1, 2, 3, 9 and 13, with a request in writing that the court give each of the same. Instead of giving each of said instructions as tendered, the court modified each of the said instructions and gave it as modified. It is expressly provided by §586 Burns 1926 that, "if the court shall modify any instruction requested, the instruction as modified shall be written out at full length and shall be given as one of the instructions given by the court of its own motion, and the instruction as requested shall be refused."

It is apparent that the court did not follow the mandate of the statute, and that, failing to do so, it erred. *Illinois Surety Co.* v. *Frankfort Heating Co.* (1912), 178 Ind. 208, 97 N. E. 158. But, under the circumstances of this case, such error was not a reversible one. The instructions so modified by the court, as well as other instructions, the giving or the refusing of which is challenged by appellant, pertain to the question as to whether certain answers made to questions propounded to appellee's decedent in his application for insurance were warranties or representations. Said decedent, in answer to questions propounded to him in his application for insurance, answered that he was an automobile salesman, office and selling on floor only; that he owned his business, which was an automobile business, and agreed in such application that the right to a recovery under the policy based on the application should be barred in the event that any one of his

statements, material either to the acceptance of the risk or the hazard assumed by the company, was false. It is appellant's contention that the foregoing answers to questions propounded to the insured in his application were false, and that they were warranties rather than representations, and that, as such, they barred a recovery. But the jury, by its answers to special interrogatories propounded to it, found that the insured had an established place of business in which he transacted his business which was that of selling automobiles, and that he was so engaged on November 7, 1923, being the date of his said application. Thus, it appears that the statements in the application challenged by appellant were found by the jury to be true, and, while the evidence pertaining thereto may not be convincing to this court, we hold that it is sufficient to justify the jury's finding as to the truth of the statements in the application, and, we may add, thereby finding that the averments of the second paragraph of answer, in this regard, were not sustained by the evidence. The challenged instructions were based upon a supposed state of facts which the jury has found did not exist, and, though it were to be conceded that they were erroneous, they were rendered harmless by the jury's finding as to the facts. *City of Decatur* v. *Eady, Exrx.* (1917), 186 Ind. 205, 217, 115 N. E. 577, L. R. A. 1917E 242; *Engle* v. *Cleveland, etc., R. Co.* (1925), 197 Ind. 263, 149 N. E. 643.

There is evidence to sustain the verdict of the jury, which was not contrary to law.

Affirmed.