HAYES FREIGHT LINES, INC., ET AL. *v.* WILSON

[No. 28,299.   Filed March 2, 1948.]

2

*Edw. L. Waddle* and *Carl M. Gray,* both of. Petersburg, and *Leonard Ashley,* of Boonville, for appellants.

*Sanford Trippett* and *McDonald & McDonald,* all of Princeton, for appellee.

O'MALLEY, J.—The appellee commenced this action against the appellants, Hayes Freight Lines, Inc., Loren T. Sinclair, and Carl H. Douglas. In her complaint she charged that on September 25, 1943, she and her mother were riding southward on Indiana Highway No. 57, in an automobile being driven by her husband, Carl Block. It was alleged that this automobile was proceeding from the town of Mackey toward the city of Evansville at about 8:30 P. M. and that at the same time the defendants were operating three tractor and trailer trucks north along the same road from Evansville. The complaint further alleged that the automo-

bile in which the plaintiff was riding met the trucks at a point near the intersection of a highway known as Base Line Road and State Highway No. 57; that the defendants were operating their trucks and trailers in a careless and negligent manner, by driving with bright and blinding lights and failing to dim the same when meeting the automobile in which appellee was riding; by operating on the left half of the highway which was provided for traffic going in the opposite direction and failing to yield one-half of the highway to the automobile in which the appellee was riding; by operating at such speed that the trucks swayed from side to side and onto the side provided for southbound traffic; and by following too close to the truck preceding and thus the trucks were spaced less than 150 feet apart as they proceeded on the highway. The complaint then charged that as a result of each of such acts of negligence the appellee was severely injured and thus suffered damage in the sum of $25,000.

The evidence most favorable to the appellee was to the effect that there was some swaying of the trucks; that the speed of the trucks was from 45 to 50 miles per hour; that the trucks were being driven on the wrong side of the road to the extent of two feet; that the lights on the trucks were blinding and that the husband of appellee signalled for dimmers but that the drivers of the trucks did not dim the truck lights; that the first truck started to pull over on the west side of the road when about 30 feet from the car in which the appellee was riding; that appellee's husband was driving from 30 to 35 miles per hour and had both headlights burning; that the first truck sideswiped the car in which appellee was riding, the contact being made between the left side near the rear end of the truck and the left front part of the automobile; that

this collision caused the car in which the appellee was riding to swerve to the left and to strike the second truck in a head on collision; and that the trucks were spaced from 30 to 50 feet apart at the time of the accident.

By stipulation it was agreed that the defendant, Hayes Freight Lines, Inc., owned the first two trucks, and that Loren T. Sinclair and Carl H. Douglas were the drivers respectively of the first and second trucks. The evidence disclosed that the third truck also belonged to the same corporation.

The evidence which was not contradicted in any way was that the driver of the first truck felt the impact of the contact between the car and his truck and that he then looked in the rear-view mirror and saw the second truck and the automobile collide; that he did not stop his truck at once because he feared that as a result of the collision the second truck might not be under control; that the second truck did not travel to exceed 12 feet after the contact with the automobile because the front wheels were knocked from under it and the front end went down; that the second truck was over on the berm to its right when it came to rest excepting the left rear wheel which was two feet over on the pavement; that the third truck stopped behind the second one and then started and went around the second one and parked close to the rear of the first truck; and that all three trucks were empty. There was evidence that the three trucks were bound for Marion, Indiana.

The giving of appellee's instruction number 9 is the first claimed error treated in appellants' brief. This instruction was drawn under § 47-2019, Burns' 1940 Replacement, and in effect told the jury that if the trucks were being driven in such manner that truck No. 2 was

less than 150 feet from truck No. 1, and truck No. 3 was less than 150 feet from truck No. 2, "then such driver, or drivers, were following too closely together, and were driving in violation of said statute." It further told the jury that if they found that such violation of the statute contributed proximately to the collision and resulting injuries, their verdict should be for the plaintiff. There can be no question that this instruction stated the law. The question is whether or not it was proper to give such instruction under the facts disclosed in this case.

In *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 601, 106 N. E. 365, 368, the court had before it a cause of action for damages caused by the collapse of a building under construction. In that case, at the time that the building contemplated in the original plans was about completed the owner caused changes to be made, an additional story was added on the plans, and while the additional story was under construction the building collapsed. No evidence was given as to the cause of the collapse except that no permit was secured for the change in the plans and that the addition was made and construction thereof commenced without the consent or knowledge of the building inspector, all of which was in violation of an ordinance. The appellee in that case claimed he did not need to show the proximate cause of the collapse of the building because it was governed by the doctrine of *res ipsa loquitur*. The court held that a causal connection must be shown between the negligence charged and the injury complained of. In its opinion the court said:

"A violation of penal statutes constitutes negligence *per se,* but to make such negligence actionable it must be a proximate cause of the injury for which the action is brought. . . . The violation of a statute or ordinance raises no liability for an in-

jury which another may have suffered, unless the injury was in some material degree the result of such violation."

The great weight of authority seems to be ■ in accord with the rule announced above.

In 38 Am. Jur., *on Negligence*, § 166, p. 837, it is said:

"It is not material whether the negligence complained of in an action was the violation of a duty imposed by the common law or the violation of one imposed by a statute or ordinance, so far as concerns the requirement that negligence must have been the proximate cause of the plaintiff's injury to warrant a recovery. Regardless of whether the violation of a statute or ordinance is regarded as negligence, negligence per se, or evidence of negligence, the plaintiff, to be entitled to recover, must show a causal connection between the injury received and the violation of the statutory prohibition or mandate. In other words, he must show that the violation of the statute was the proximate cause of the injury."

In some instances the question of proximate cause or causal connection is approached by stating the rule as follows: "But for the defendant's act the con-■ sequence in question would not have occurred."

20 Cal. L. R. 229, 235, and authorities cited. That test is also called the *"sine qua non"* or *"but for"* rule, and is of service in making a test for a causal connection.

Unless it can be said that without the act of negligence under consideration in instruction number 9 no damage would have resulted, there is no connecting cause between the negligence and the happening that caused the damage and about which complaint is made.

In § 107, p. 251, of Harper on Torts, it is said:

"Nowhere in the law is one liable for harms not caused by his conduct or the conduct of one for

whose acts and omissions he is responsible, nor indeed is he liable for all damages actually produced by his acts."

Section 109, p. 253, of the same work uses the following language:

"Before any question of proximate or legal cause can arise, it must first appear that the defendant's acts were the actual cause or cause in fact of the harm in question. There can be no legal or proximate cause unless there is causal connection in fact."

See 27 Mich. L. R., p. 116.

It has been aptly said in 38 Am. Jur., § 63, p. 715, on negligence, that:

"An injury cannot be attributed to a cause unless, without it, the injury would not have occurred. Accordingly, the mere concurrence of one's negligence with the proximate and efficient cause of a disaster will not impose liability upon him; . . . . ."

The *Restatement* of the Law of Torts, Vol. 2, § 431, p. 1159, contains this enlightening language:

"The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm."

The comment in that work contains this language:

"a. . . . . . In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. Except as stated in § 432 (2), this is necessary but it is not of itself sufficient. *The negligence must also be a substantial factor as well as an actual factor in bringing about the plaintiff's harm. The word 'substantial' is used to*

*denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. . . . . .*
(Our italics)

"b. . . . . . It is only where the evidence permits a reasonable finding that the defendant's conduct had some effect that the question whether the effect was substantial rather than negligible becomes important."

The case of *Boronkay* v. *Robinson & Carpenter* (1928), 247 N. Y. 365, 368, 160 N. E. 400, 401, involved the violation of an ordinance. In that case a coal truck drew up to the curb on the left or wrong side of the street to deliver coal. After unloading, the truck started away and a four year old boy was caught by a hook which hung from the side of the truck and dragged or thrown under the truck. The wheels of the truck passed over the body of the boy and killed him. An action was instituted and at the conclusion of the trial an instruction was given to the jury to the effect that if they found that the defendant had violated the provisions of the Highway Traffic Law or the ordinances of the city of Ithaca and that such violation was the proximate cause of the injury and death, then in that event they might bring in a verdict for the plaintiff. On appeal the court said:

"Even where a statutory command is not obeyed there is no breach of duty towards those who do not come within the zone of apprehended danger, and no liability where the injury is not the result of disobedience of the statute."

In effect the court reversed this case because there was no connection between the claimed negligence in

violating the statute and the death of the child, and for that reason the instruction was improper.

Another case that should be examined is that of *Geisen* v. *Luce* (1932), 185 Minn. 479, 242 N. W. 8. The facts in this case show that a man about 70 years of age, while driving his automobile on a paved highway, had engine trouble and the car stopped and could not be started. The shoulders of the road were not firm and he permitted his car to stand on the pavement while he went for help. Minnesota had a statute, 1 Mason, (1927), § 2720-24 (a) (c), that prohibited an owner or driver from parking or permitting a car to stand on the highway. The only charge of negligence was that the defendant permitted his car to stand on the paved road in violation of the statute. The accident happened when a car attempted to go around the stalled car at a time when a car going in the opposite direction was too close to permit the parties to avoid a collision. The court on appeal held the accident would or could have happened if the defendant's car had been moving slowly. The court in determining that case, on page 485 of 185 Minn., page 11 of 242 N. W., used the following words:

> "Even though the standing of a car on the highway may be unlawful, yet the wrongful standing cannot be the proximate cause of an accident unless it results from the standing. While such standing may be the occasion or condition, it is not in a legal sense a contributing proximate cause of the accident. . . . . The 'standing' of the Ferris car did not set Luce's negligence in operation nor concur therein."

The cause was reversed as to Ferris, the owner of the stalled car, and the lower court was directed to enter judgment in his favor.

The Supreme Court of Pennsylvania passed on the question involved in the case of *Berry* v. *Sugar Notch Borough* (1899), 191 Pa. 345, 43 A. 240. The Borough of Sugar Notch granted to the street railway company the privilege of operating within its limits on condition that the cars would not run beyond a specified speed. A motorman operating his car at a speed greater than that permitted by the ordinance was injured by a falling tree during a storm. On appeal it was held that the fact that the car arrived at the point where the tree fell at the precise time that the wind blew it down was the merest chance and a thing no foresight could have predicted, and constituted no causal connection between the happening and the injury. Therefore, the Borough was not benefited by the motorman's violation of the statute.

In *Isenhour* v. *McGranighan* (1941), 178 Va. 365, 17 S. E. 2d 383, it was held that a truck spacing statute was applicable to a situation somewhat similar to the one now before us. However, in that case the court reasoned that whether or not the proximity of the rear truck to the front truck, in violation of a statute, was a contributing cause of the damage suffered by the plaintiff, was, under the facts, a question for the jury. While the court there disposed of the questions of causal connection and whether or not the statute covered such occurrences, it will be noted that the question of causal connection was not discussed. In fact the court treated the legal question presented as if it were one of fact for determination by the jury. However, when the defendant objects to the giving of an instuction on the ground that there is no evidence of causal connection, the court must then determine as a matter of law the question thus presented and in the absence of any evidence showing a

causal connection there is no question to be determined as a fact by the jury.

In the instant case, even though the statute is applicable, the negligence of the driver of the second truck could not in any way enlarge or restrict the negligence of the driver of the first truck unless he was the agent of the latter or the two drivers were engaged in a joint enterprise. It is true that the driver of the first truck would probably be held liable for the damage inflicted if he in fact was negligent and such negligence contributed to the injuries, but how can one say that the negligence of the second driver in violating the statute violated any duty owing to the appellee, unless such violation was a proximate cause of the injuries and damage. The claimed violation merely placed his truck in a position to impede the travel of the swerving automobile which was out of control after being struck by the first truck. As was said in *Berry* v. *Sugar Notch Borough, supra,* 191 Pa. at page 348, 43 A. at page 240, "That his speed brought him to the place of the accident at the moment of the accident was the merest chance, and a thing which no foresight could have predicted." If he had been closer the matter might not have happened.

In the case under consideration we have the location of the second truck less than 150 feet behind the first truck and the third truck less than 150 feet behind the second truck. The instruction permitted the jury to find against the first driver if it found that the second and third drivers, or either of them, had violated the mandate of the act. There is no evidence of a joint enterprise or that one driver was responsible to or for either or both of the other drivers. There was no evidence that the closeness of the trucks caused any of the drivers to hestitate on stopping or swerving

to avoid injury. The first driver said he did not stop as soon as he could because he had observed the collision of the automobile with the second truck and that he then feared that the truck might be out of control. That was evidence of hesitancy in stopping after the collision. No one claims any harm resulted because the first driver did not stop without hesitation after the accident. In fact the driver was using caution and proper care in his manner of stopping.

The violation of a statute was held to be the proximate cause where a mill owner failed to cause a set of gears to be covered in accordance with the provisions of the statute. There the men necessarily worked around and over the gears in performing their services. *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 207, 208, 96 N. E. 337, 339, 97 N. E. 529.

In the above case this court, while considering the matter of causal connection and proximate cause, said:

"A test of proximate cause is to be found in the probability of injurious consequences fairly to be anticipated from the omission of duty or the negligent act. . . . .

"The negligence of appellee was present at the very beginning of the series of events which led up to appellant's injury, and it continued along with all of them and caused his injury. There was no time when the casual connection of appellee's breach of duty with appellant's injury was broken. It was the first, the immediate and efficient cause. This is proximate cause."

In *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 424, 73 N. E. 899, 903, it is said:

"The question always is, was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there

some new and independent cause intervening be-
tween the wrong and the injury?"

In the absence of allegations showing a causal con-
nection between the alleged negligence in the spacing
of each of the trucks and the injuries sustained,
and in the absence of evidence of such causal
connection, the court committed reversible error
in submitting the question of the spacing of the trucks
to the jury. *Lower Vein Coal Co.* v. *Moore* (1923),
80 Ind. App. 53, 137 N. E. 887; *Old Folks etc., Home* v.
*Roberts* (1925), 83 Ind. App. 546, 149 N. E. 188. See
*Swanson* v. *Slagal, Administratrix* (1937), 212 Ind.
394, 8 N. E. 2d 993; 21 Ind. L. J. 453. If an instruction
is given which is not pertinent to the issues and ap-
plicable to the evidence, on appeal it will constitute
prejudicial error unless the record clearly shows the
giving of the instruction was harmless. *Cleveland, etc.,
R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238;
*Hoesel* v. *Cain; Kahler* v. *Cain* (1944), 222 Ind. 330,
340, 53 N. E. 2d 165, 169, 53 N. E. 2d 769. See
*Probst, Receiver* v. *Spitznagle* (1939), 215 Ind. 402,
19 N. E. 2d 263.

If there was no causal connection between the vio-
lation of the statute and the injuries sustained by the
appellee, the violation of the statute could not be a
proximate cause of such injuries and the jury should
not have been informed that they could consider the
evidence of such violation for any purpose.

For error in giving instruction number nine the
judgment of the lower court is reversed with instruc-
tions to sustain appellants' motion for a new trial.

Emmert, C. J., dissenting with opinion.

Gilkison, J., joins in dissent.

NOTE.—Reported in 77 N. E. 2d 580.

## DISSENTING OPINION

EMMERT, C. J.—The appellee, Ida Block Wilson, brought an action for damages for personal injuries alleged to have been caused by the negligent operation of three tractor-trailer trucks operated by the defendants northward along state road No. 57 the night of September 25, 1943. The appellee was riding with her mother, Matilda Oestricher, in a passenger car operated by her husband, Carl Block, southward along said highway in Vanderburgh County. The first truck proceeding northward was being operated by appellant Loren T. Sinclair, and it was followed one hundred ten (110) feet back by a second truck being operated by the appellant Carl H. Douglas, and the third truck, also owned and operated by the appellant Hayes Freight Lines, Inc., was being driven by Darwin Carmichael at a distance of one hundred ten (110) feet behind the second truck. The automobile in which the appellee was riding collided with the rear left part of the trailer of the first truck, causing the automobile to swerve in such manner that it then collided with the front part of the tractor of the second truck, and then was turned around and came to rest facing northward on the west part of the highway. The third truck was stopped behind the second truck without coming into contact with any other motor vehicle involved in the collisions. The plaintiff and her mother received personal injuries, and appellee's husband was killed.

The only errors properly presented by the argument in the brief are the giving of the appellee's requested instructions numbers 5, 6, 7, 8 and 9, the refusal of the court to give appellants' requested instruction number 50, and the overruling of the defendants' demurrer to the complaint. Rule 2-17, subsection (g), (h).

Appellee's requested instruction number 5 informed the jury that:

"The plaintiff charges in her complaint herein that at the time and place of her injuries complained of said defendants were operating three certain trucks and trailers northward along Highway 57 and that at the same time the plaintiff was riding in an automobile being operated southward along said Highway 57; that said defendants carelessly and negligently operated said trucks, on meeting the automobile in which plaintiff was riding, as aforesaid, at such a high rate of speed that the trailers thereof swayed from side to side and over onto the half of the highway provided for southbound traffic so as to obstruct the use of same by southbound vehicles and that as a result thereof the automobile in which plaintiff was riding came into contact and collision with one or more of said trucks or trailers thereby inflicting the injuries upon plaintiff of which she complains.

"The court further instructs you that if you find from a fair preponderance of the evidence that said defendants, or any of them, were guilty of this act of negligence, and that plaintiff was injured as a proximate result thereof, all substantially as charged in plaintiff's complaint herein, and that plaintiff herself was not guilty of any act of negligence which contributed proximately to her said injuries, then under said circumstances your verdict should be in favor of the plaintiff and against the defendant or defendants, if any, whom you find to have been guilty of such act of negligence."

The appellants contend the giving of this instruction is error for the reason that there was no evidence in the record to which it could apply. It is generally error to give an instruction not applicable to the evidence. *Lake Erie and Western Railroad Company* v. *Stick* (1896), 143 Ind. 449, 41 N. E. 365; *Loeser* v. *Simpson* (1942), 219 Ind. 572, 39 N. E. 2d 945; *Hoesel* v. *Cain* (1944), 222 Ind. 330, 340, 53 N. E. 2d 769.

But on appeal, only the evidence most favorable to the prevailing party in the trial court must be considered. *New York Central R. R. Co.* v. *Thompson* (1939), 215 Ind. 652, 21 N. E. 2d 625; *Klingaman* v. *Burch* (1940), 216 Ind. 695, 699, 25 N. E. 2d 996; *Gerking* v. *Johnson* (1942), 220 Ind. 501, 44 N. E. 2d 90. And if an instruction is within the issues and pertinent to any question of fact which the jury may properly consider under the evidence, or any proper, legitimate, reasonable or logical inference which may be drawn from the evidence, it is proper. *Schlarb* v. *Henderson* (1936), 211 Ind. 1, 7, 8, 4 N. E. 2d 205; *New York, etc., R. Co.* v. *First, etc., Savings Bank* (1926), 198 Ind. 376, 383, 153 N. E. 761; *Grand Trunk, etc., R. Co.* v. *Reynolds* (1911), 175 Ind. 161, 92 N. E. 733, 93 N. E. 850; *Vandalia Coal Co.* v. *Moore* (1918), 69 Ind. App. 311, 318, 121 N. E. 685. This instruction was limited in its application to the defendants, and was severable as to each. It did not assume any fact in dispute. The appellee testified that the first truck was swaying, and she and her mother both testified that the first truck was over on the west side of the road. There was other evidence that the roadway was from twenty (20) to twenty-two (22) feet in width, with a black line down the middle, that the overall length of the tractor-trailer combinations was thirty-four (34) to thirty-five (35) feet, that the trailers were eleven (11) to twelve (12) feet high and eight (8) feet wide, that the combination weighed fifteen (15) to sixteen (16) thousand pounds when empty, (which they were at the time of the collision) and that they were traveling forty-five (45) to fifty (50) miles per hour at the time of the collision. By statute such trucks are prohibited from going over forty-five (45) miles per hour. § 47-2004, Burns' 1940 Repl. From the testimony

given by the driver of the third truck the jury had the right to infer that it was on the west side of the road part of the time. There was no error in giving this instruction.

In any event the alleged error was harmless, for by interrogatories number 32 and 34 the jury found the number one and number two trucks were not swaying prior to the time of the collision. Where an instruction is given upon a supposed state of facts, and the jury by its answer to interrogatories finds such state of facts does not exist, any error in the giving of such instruction is rendered harmless by the jury's finding. *Midland Casualty Co.* v. *Lucas* (1929), 90 Ind. App. 447, 164 N. E. 290; *Stewart* v. *Darby* (1921), 75 Ind. App. 120, 127 N. E. 568; *Terry* v. *Davenport* (1908), 170 Ind. 74, 83 N. E. 636; *Cleveland, C., C. &c. R. Co.* v. *Osgood* (1905), 36 Ind. App. 34, 73 N. E. 285; *Rink* v. *Lowry* (1906), 38 Ind. App. 132, 77 N. E. 967; *Lake Erie & W. R. Co.* v. *Hobbs* (1907), 40 Ind. App. 511, 81 N. E. 90; *Hammond, W. &c. Elec. R. Co.* v. *Antonia* (1908), 41 Ind. App. 335, 83 N. E. 766; *Nichols* v. *Central Trust Co.* (1909), 43 Ind. App. 64, 86 N. E. 878; *Harrod* v. *Bisson* (1911), 48 Ind. App. 549, 93 N. E. 1093; *Southern R. Co.* v. *Ellis* (1913), 53 Ind. App. 34, 101 N. E. 105; *Senhenn* v. *The City of Evansville* (1895), 140 Ind. 675, 40 N. E. 69.

Appellee's instruction number 6 reads as follows:

"The court instructs the jury that the plaintiff is not required to prove all or everyone of the acts of negligence charged against said defendants in her complaint herein but it is sufficient if she establishes by a fair preponderance of the evidence herein that said defendants were guilty of one or more of the acts of neglence charged and that such act or acts of negligence so proven operated as a proximate cause to bring about the injuries of which she complains. And if you find from a fair

> preponderance of the evidence that the defendant, or any of them, are guilty of any one or more of the acts of negligence charged, and that the acts of negligence so established by the evidence, if any, contributed proximately to the plaintiff's injuries herein, all substantially as alleged in her complaint, and that the plaintiff herself was not guilty of any act of negligence which contributed to her said injuries, then under such circumstances your verdict should be for the plaintiff and against the defendant or defendants whom you find from a fair preonderance of the evidence were guilty of the act or acts of negligence so established, if any."

This instruction is general in its scope, severable as to the defendants, and correctly stated the law with reference to pleading and proof of several acts of negligence. Plaintiff may plead several acts or omissions of negligence, and in the absence of contributory negligence recover on the proof that any one or more of the acts or omissions was a proximate cause of his injuries. *Chicago, etc. R. Co.* v. *Barnes* (1905), 164 Ind. 143, 73 N. E. 91; *Indianapolis St. R. Co.* v. *Slifer* (1905), 35 Ind. App. 700, 702, 74 N. E. 19; *Indianapolis Railways* v. *Williams* (1945), 115 Ind. App. 383, 404, 59 N. E. 2d 586; *Lathrop, Admx.* v. *Frank Bird, etc., Co.* (1924), 81 Ind. App. 549, 142 N. E. 868; 42 C. J., Motor Vehicle, § 587, p. 887.

Since the appellants' brief considers appellee's instructions numbers 7 and 8 together, they will be so examined in this opinion. Appellee's instruction number 7 stated to the jury:

> "The court instructs the jury that it is the law of this state that where an injury is caused by concurrent negligence of two parties the injured person may recover from either or both and neither can successfully interpose as a defense the fact that concurrent negligence of the other contributed to the injury, . . . .

"So in this case, even if you should find from a fair preponderance of the evidence that Karl Block, the driver of the automobile in which the plaintiff at the time and place of her injuries complained of, was guilty of some act of negligence which contributed to plaintiff's injury, that fact would not relieve the defendants of liability if you further find from the evidence that said defendants were guilty of one or more of the acts of negligence charged in plaintiff's complaint and that said act or acts of negligence so established, if any, was a proximate cause of plaintiff's said injury."

Appellee's instruction number 8 reads as follows:

"The court instructs the jury that under the law of this state the negligence of the driver of an automobile cannot be imputed to a passenger riding in said automobile so as to bar such passenger from recovering damages against a third party who was also negligent and whose negligence contributed proximately to the accident which resulted in the injuries to the plaintiff.

"So in this case even though you should believe from the evidence that Karl Block, the driver of the automobile in which plaintiff was riding at the time and place of her injuries complained of, was guilty of negligence which contributed proximately to the collision and the resulting injuries to the plaintiff, such negligence on the part of the said Karl Block, if any, could not be imputed to the plaintiff and you would not be warranted in finding against the plaintiff and in favor of the defendants solely upon the ground that the said Karl Block was guilty of negligence which contributed proximately to the accident in question and the plaintiff's injuries resulting therefrom, and if you find from a fair preponderance of the evidence that said defendants, or some of them, were guilty of some one or more of the acts of negligence charged in plaintiff's complaint and that such acts of negligence, if any, so established by the evidence, contributed proximately to the accident and resulting injuries to the plaintiff, and that plaintiff was not guilty of any negligence contributing thereto, the defendant or defendants so guilty of such act or

acts of negligence so established, if any, are liable in damages to the plaintiff for any injuries and damages which she may have sustained as a proximate result of said act or acts of negligence, if any, and you should so find by your verdict."

It was impossible for the court in this case to state all of the law applicable to the evidence in any one instruction, and these instructions must be construed with all other instructions. *Carter* v. *Aetna Life Ins. Co.* (1940), 217 Ind. 282, 27 N. E. 2d 75; *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712; *Southern Ind. Gas & Electric Co.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313; *Washington Hotel Realty Co.* v. *Bedford Stone, etc., Co.* (1924), 195 Ind. 128, 143 N. E. 156. When so construed they are not in conflict with each other, nor with any other instruction given by the court. Instruction number 7 correctly stated the law with reference to concurrent negligence. 38 Am. Jur., § 64, p. 719; 45 C.J., § 487, pp. 924, 925; 2 *Restatement, Torts*, § 439, p. 1184; *The Louisville and Jeffersonville Ferry Company* v. *Nolan* (1893), 135 Ind. 60, 34 N. E. 710; *The Louisville, New Albany and Chicago Railway Company* v. *Lucas* (1889), 119 Ind. 583, 591, 21 N. E. 968; *The Town of Knightstown* v. *Musgrove* (1888), 116 Ind. 121, 123, 124, 18 N. E. 452; *The Board of Commissioners of Boone County* v. *Mutchler* (1894), 137 Ind. 140, 146, 36 N. E. 534; *Cleveland, etc., R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 423, 86 N. E. 485; *Indian Refining Co.* v. *Summerland* (1931), 92 Ind. App. 429, 432, 173 N. E. 269; *City of Indianapolis* v. *Evans* (1940), 216 Ind. 555, 560, 24 N.E. 2d 776. Appellants' brief admits that no objection was taken to appellee's instruction number 7 for the reason that it failed to except any contributory negligence on the part of the appellee.

Instruction number 8 correctly stated the law with reference to imputed negligence. *Union Traction Co.* v. *Gaunt* (1922), 193 Ind. 109, 114, 115, 135 N. E. 486; *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 447, 99 N. E. 1005. There is no contention made by the appellants that appellee's husband, Carl Block, was her agent in driving the car in which she was riding, or that she and her husband were engaged in any joint enterprise, nor is there any assertion that there is any evidence in the record from which the jury might draw such inference. Therefore, we cannot hold there was any error in giving this instruction.

In a passive guest case, the negligence, if any, of the driver of the car, is to be distinguished from the contributory negligence, if any, of the guest. The guest is not relieved of the duty of using due care under all the circumstances of the particular situation, and the violation of this duty, if it is a proximate cause of the plaintiff's injuries will bar recovery; but this is an entirely different legal principle than that which holds the negligence of the driver is imputed to a guest by reason of the relationship of the parties such as master and servant, principal and agent, or participants in a joint enterprise. Appellee's instructions number 7 and 8 were consistent with each other, and were not required to be consistent with any of the appellants' theories of defense.

The appellants strenuously contend the giving of appellee's instruction number 9 was error. This instruction reads as follows:

"There is a statute in this state that, so far as is applicable here, reads as follows:—

" 'The driver of any motor truck, or motor truck drawing another vehicle, or tractor-trailer combination, when traveling upon a roadway outside

of a business or residence district shall not follow within 150 feet of another motor truck, motor truck drawing another vehicle, or a tractor-trailer combination.'

"So, if you find from the evidence in the case at bar, that at the time of the collision complained of, one or more of the drivers of the trucks in question, were traveling upon a roadway in this state, outside of a business or residence district, and were traveling and following a distance of less than 150 feet of another motor truck upon such highway, then such driver, or drivers, were following too closely together, and were driving in violation of said statute.

"And if you further find from the evidence, that such violation of said statute, if any, proximately contributed to the collision and resulting injuries complained of and that the plaintiff was injured thereby without any negligence on her part contributing thereto, all as alleged in the complaint, then your verdict should be for the plaintiff."

Appellants' objections to this instruction were on the ground that (a) there was no evidence to establish this alleged act of negligence; (b) "The quoted act of negligence from plaintiff's complaint does not constitute actionable negligence on the part of the defendants, which was the proximate cause of the collision and injuries resulting therefrom. . . ."; and (c) "the distance the third truck was being operated behind the second truck contributed nothing to the collision, and under no circumstances could have been the proximate cause of the collision and the injuries resulting therefrom."

There is no merit to objection (a), since there was competent evidence that the second and third trucks were following too closely in violation of the statute. Section 47-2019 Burns' 1940 Repl. provides:

"(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed

of such vehicles and the traffic upon and the condition of the highway.

"(b) The driver of any motor truck or motor truck drawing another vehicle or tractor-trailer combination, when traveling upon a roadway outside of a business or residence district shall not follow within one hundred fifty (150) feet of another motor truck, motor truck drawing another vehicle, or a tractor-trailer combination. The provisions of this subsection shall not be construed to prevent overtaking and passing, nor shall the same apply upon any lane specially designated for use by motor trucks." The witness Charles Bossee testified that the trucks were thirty to fifty feet apart, and the jury in answers to interrogatories number 36 and number 37 found the second and third trucks were following within one hundred ten (110) feet of each other.

Objection (b) is too general to advise the trial court in conformity with Rule 1-7 of this court which requires "specific objections" to each instruction. Actionable negligence is a general term, which includes all the elements necessary to constitute a cause of action. Actionable negligence consists of "(1) The existence of a duty on the part of defendant to protect plaintiff from the injury; (2) failure of defendant to perform that duty; and (3) injury to plaintiff from such failure of defendant." 45 C. J., § 2, p. 632; See also 38 Am. Jur., § 11, p. 651; *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712; *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 382, 132 N. E. 740; *Faris* v. *Hoberg* (1892), 134 Ind. 269, 274, 275, 33 N. E. 1028. By waiving the formal defects of objection (b) and in considering objection (c) in connection therewith, the appellants' contentions in this appeal are untenable.

Appellants' brief asserts that, "The legislature sought to minimize and decrease the risk of oncoming traffic

colliding with traffic coming in an opposite direction, when the latter was endeavoring to pass trucks and trailers that were traveling too closely together in the same direction on the highway. And, therefore, the violation of the said statute did not furnish a basis of actionable negligence herein."

Before there can be negligence there must be a breach of a duty, either common law or statutory, owed to the injured person. 45 C. J., § 2, p. 631; 45 C. J., § 16, p. 639; *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 382, 132 N. E. 740; *Faris* v. *Hoberg* (1892), 134 Ind. 269, 274, 275, 33 N. E. 1028.

Does § 47-2019 Burns 1940 Repl. create a duty to drive no closer than the statutory distance in order to protect, among others, oncoming traffic? From an examination of the entire act it is apparent that the act was intended to protect the general traveling public, and there is nothing in the act or the title thereof which indicates its application was to be limited to the protection of motor vehicles meeting other oncoming motor vehicles when passing trucks going in the same direction. Undoubtedly motor trucks followed by other trucks are within the protection of § 47-2019, *supra,* when making stops, either gradual or sudden, for any cause. In this case the driver of the first truck testified that he did not stop as soon as he could have stopped due to the fact he was afraid the second truck would go out of control and hit him. Nor does the proviso evidence a legislative intent to restrict the provisions of the statute for the protection of traffic traveling in the same direction.

This court judicially knows that motor vehicles traveling in opposite directions frequently sideswipe each other, and that when they do so they often go out of control, and go from one side of the road to

the other; that no one can predict in what direction an automobile that has been sideswiped will travel, and that such automobiles are often thrown to their left. If other oncoming vehicles are not too close they have a better chance to either avoid a collision with the car out of control, or to minimize the dangerous consequences resulting from a head-on collision.

"In order that one may be entitled to the benefit of a statute or ordinance imposing a duty it is not necessary that the primary purpose of the enactment should have been to protect him, but it is sufficient that his protection was one of the purposes intended." 45 C. J., § 112, p. 727. The statute prohibiting following too closely was for the protection of the vehicles being followed, vehicles attempting to pass going in the same direction, and vehicles coming from the opposite direction.

A construction of this section of the statute which holds there is no duty of care created for the protection of oncoming traffic reads into the statute an unreasonable discrimination. The Legislature never intended to declare a statutory duty of care in behalf of persons going north on a public highway, and make persons going south on the same highway at the same time and place semicivil outlaws by limiting that duty to one way traffic.

Once the duty has been established, and a violation of that duty proved by fair preponderance of the evidence, as to whether or not the act or omission constituing the breach is a proximate cause of the injuries becomes a question for the jury if reasonable minds may differ upon consideration of the facts involved. *Wabash R. Co.* v. *Gretzinger* (1914), 182 Ind. 155, 168, 104 N. E. 69; *Town of New Castle* v. *Grubbs* (1908),

171 Ind. 482, 86 N. E. 757; 45 C. J., § 880, p. 1321; 38 Am. Jur., § 351, p. 1056.

The facts in this case parallel those in *Isenhour* v. *McGranighan* (1941), 178 Va. 365, 17 S. E. 2d 383, where the court summarized the facts as follows:

"On November 8, 1939, between 6:30 and 7:00 p. m., Frank J. McGranighan was *en route* from Roxboro, North Carolina, to South Boston, Virginia. As he came over the crest of a hill and started down a twelve per cent grade, he saw approaching two trucks owned by defendants. The front truck side-swiped his car and caused it to swerve to the left side of the road at a forty-five degree angle and into the left side of the rear truck, which was traveling less than seventy-five feet behind the front truck. As a result of the collisions, plaintiff's automobile was demolished and he sustained severe and permanent injuries, for which he seeks to recover damages in this action. . . ." In deciding that a statute prohibiting one truck following another within 200 feet did create a duty with reference to oncoming traffic, at page 369 of the opinion the court said:

"The driver of any motor truck or bus who follows (outside of the corporate limits of cities or towns) another truck or bus within 200 feet violates Code, sec. 2154 (119) (b). A violation of this statute is negligence, and if such negligence is the proximate cause of injury to another, then such other is entitled to recover.

"It is conceded that the impact with the front truck caused plaintiff to lose control of his car and caused it to swerve to the left at an angle of 45 degrees into the rear truck with such force that it knocked the front wheels of the truck under the housing and the front of the truck into the ditch on the right, facing south. Whether the proximity of the rear truck to the front truck, in violation of the statute, was a contributing cause of the damage suffered by plaintiff was, under the facts, a question for the jury."

Appellants' objection (c) took the position that the operation of the third truck "under no circumstances could have been *the proximate cause* of the collision." (Italics supplied.) In cases where concurrent negligence is involved, more than one act of negligence can be a proximate cause, and instruction number 9 does not assume, infer or require that the operation of the third truck was "the proximate cause." If the manner of operation of the third truck had been "the proximate cause" it would have been the only proximate cause of the collision from the standpoint of legal causation. Therefore, the objection is insufficient to support appellants' contentions on appeal. But aside from this defective objection, appellants' contentions on appeal are without merit.

In construing any instruction to determine whether error has been committed, this court must place itself in the position of the trial judge at the conclusion of all the evidence. The trial judge must determine if there is any evidence, or reasonable or logical or proper inference to be drawn from the evidence to which the instruction may properly apply. What the jury may subsequently find by its general verdict or answers to interrogatories can not affect the right of a party to have an instruction given if there is evidence to support it.

Although the driver of the third truck was not a party to this action, the evidence was uncontradicted that he was operating the truck as the agent of the appellant Hayes Freight Lines, Inc., and it was responsible for the operation of this truck as it was for the operation of the first two trucks. As before noted, there was evidence from which the jury had the right to believe that the third truck was traveling up to fifty miles an hour and within thirty feet of the second

truck. At a speed of fifty miles an hour a vehicle travels seventy-three and one-third feet per second. Inevitably there is a time lag between the time a driver sees a signal or condition of danger and the time he is enabled to translate that impulse into action to apply the brakes or steer another course, the interval varying with various individuals and circumstances. In this case the driver of the first truck testified he did not stop as soon as he could have stopped due to the fact he was afraid the second truck would hit him. The trucks empty weighed between fifteen thousand and sixteen thousand pounds, and the jury had the right to take into consideration the amount of energy generated by each truck. In less than a second the third truck, if its speed continued at fifty miles an hour, would arrive at the place previously occupied by the second truck.

The fact that the third truck did not collide with the second truck or with the automobile in which the appellee was riding does not conclusively prove that the operation of the third truck could not have been a proximate cause of the appellee's injuries. "The negligent driver of a vehicle may be held liable for an accident resulting from his negligence—unless for other reasons such negligence was not a proximate cause of the accident—even though there was no actual contact or collision between his vehicle and that of the injured person. In other words, the mere absence of contact does not prevent an act of negligence from being the proximate cause of an injury." 4 Blashfield, *Cyc. of Auto. Law and Pr.* § 2538, pp. 35, 36 (Perm. ed. 1946).

If the third truck had come into contact with the second truck immediately before, or at the time or immediately after the second truck collided with the automobile in which the appellee was riding, imparting to the second truck any added force, there could be no

question that the jury would have the right to find that the operation of the third truck was a proximate cause of appellee's injuries. The law would not attempt to separate the force generated by the speed and weight of the second truck alone from the force imparted to it by the third truck, nor does the law attempt to proportion the amount of injury attributable to each. 38 Am. Jur., § 64, 719; *Cleveland, etc., R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 86 N. E. 485, 131 Am. St. Rep. 258; Anno. 16 A.L.R. 30.

Under the statute if the third truck was traveling only thirty feet behind the first truck, its operation was negligent per se. It was negligent as to the appellee, for reasons already discussed. It was negligent as to the driver of the second truck in that it placed him in a position of peril in the event it became necessary to suddenly slow down or stop. Any reasonable man would have foreseen this peril. If the driver of the second truck had accelerated his speed to avoid being hit by the third truck, and this additional force had been imparted to the automobile in which appellee was riding, the jury would have the right to find that the operation of the third truck was a contributing proximate cause to appellee's injuries. If, as the jury had the right to infer under all the facts in this case, the driver of the second truck did not slow his truck as fast as he could have for fear of being hit from the rear by the third truck, then the added force of this reduced decelerating momentum would be imparted to the automobile in which the appellee was riding, and the jury would be warranted in finding that the operation of the third truck was a proximate contributing cause of the appellee's injuries. "An intervening act of a human being or animal which is a normal response to the stimulus of a situation created by the actor's

negligent conduct, is not a superseding cause of harm to another which the actor's conduct is a substantial factor in bringing about." 2 *Restatement, Torts* § 443.

To illustrate the principle specifically, if the second truck could have been slowed down to ten miles per hour at the time of the collision, but for fear of being hit by the third truck only slowed down to 30 miles per hour, then the negligent operation of the third truck would be a proximate cause of the additional force caused by the difference in speed. This court takes judicial notice of the commonly known laws of physics. 23 C. J., § 1965, p. 142; 9 Wigmore, *Evidence* 571, § 2580 (3rd. ed.). Energy varies as the square of the velocity. Thus a truck going 30 miles per hour generates nine times the energy of a truck going ten miles per hour. The speed, weight, distance and other facts as disclosed by the record were for the jury to consider in determining whether the operation of the third truck constituted a force which augmented the forces of the actual collision of the second truck with the automobile and became a proximate contributing cause of the collision.

Appellants' requested instruction number 50, which was tendered and refused, stated in substance that if the jury should find that Carl Block was guilty of negligence, and that some one or more of the defendants were also guilty of negligence, but that if the collision would not have occurred had it not been for the negligence of Carl Block, then the negligence of Carl Block was the sole proximate cause of the collision and the verdict should be for the defendants.

This instruction violates the principle of torts that the concurrent acts or omissions of two or more persons may each be a proximate cause of injury. The *Louisville, New Albany and Chicago Railway Company* v.

*Lucas, supra. The Town of Knightstown* v. *Musgrove, supra; Cleveland, etc. R. Co.* v. *Hilligoss, supra; The Board of Commissioners of Boone County* v. *Mutchler, supra; The Louisville and Jeffersonville Ferry Company* v. *Nolan, supra;* 45 C. J., Negligence, § 487, pp. 924, 925; 42 C.J., § 580, p. 887; 38 Am. Jur., § 64, p. 719. If it be assumed that but for the negligence of Carl Block the collision would not have occurred, yet but for the negligence of the appellants the collision might not have occurred, or might not have occurred in the manner that it did. 38 Am. Jur., Negligence, § 64, pp. 716, 717, 718.

In 2 *Restatement* of the Law on Torts, § 439, p. 1184, the principles governing concurrent negligence and proximate cause are clearly stated in conformity with the Indiana authorities as follows:

> "If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing about the harm does not protect the actor from liability.
>
> *"Comment:*
>    "a. . . .
>    "b. If the harm is brought about by the substantially simultaneous and active operation of the effects of both the actor's negligent conduct and of an act of a third person which is wrongful towards the other who is harmed, the conduct of each is a cause of the harm, and both the actor and the third person are liable."

There was no error in refusing this instruction.

Appellants' demurrer to parts of the complaint sought to attack various separate acts or omissions of negligence on the ground that neither of said parts as specified constituted a cause of action. An examination of

all the allegations shows that each part was a good pleading of negligence, and therefore it becomes unnecessary to determine whether a demurrer to parts of a complaint for personal injuries caused by negligence is authorized under § 2-1012 Burns 1946 Repl. (Acts 1881, (Spec. Sess.) ch. 38, § 90, p. 240), which authorizes demurrers to one or more of several causes of action.

GILKISON, J., concurs in this opinion.

Note.—Reported in 77 N.E. 2d 585.