# Wytheville

## S. M. BASS V. SAMUEL PETERSON.

June 10, 1937.

Present, All the Justices.

The opinion states the case.

*Sinnott & May* and *Virgil P. Randolph, Jr.*, for the plaintiff in error.

*Kirsh & Bazile* and *John P. Flanagan*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Samuel Peterson brought an action at law against S. M. Bass to recover damages in the sum of $40,000 for personal injuries received as a result of a collision between the automobile of Bass and the automobile of one Samuel Levy, in which plaintiff was riding as a guest at the time of the collision.

The case was tried before a jury and a verdict was found for the plaintiff, with damages assessed at $450. Upon the discharge of the jury, the plaintiff, as shown by the order entered in the case, "moved the court to set aside the verdict as being inadequate, and to impanel a jury to assess proper damages." The court did set aside the verdict rendered by the jury, but instead of impaneling a jury to assess the damages, the court of its own motion proceeded to and did assess the plaintiff's damages in the sum of $2,693.31.

It is unnecessary to set forth the facts of the case relating to the accident, as the defendant admits negligence.

The action of the court in setting aside the verdict of the jury and of its own motion entering judgment for the plaintiff is the sole assignment of error.

In *Rawle v. McIlhenny*, 163 Va. 735; 177 S. E. 214, 98 A. L. R. 930, Mr. Justice Epes has announced the rule of decision in this court relative to the power of the trial court to set aside the verdict of a jury, and, therefore, a further discussion of the rule is not deemed necessary.

The case made out by the plaintiff may be stated thus: At the time of the accident and for many years prior thereto, he was engaged in the business of operating concession stands at fairs, selling or giving away as prizes toys, dolls, canes, balloons and various other kinds of novelties. His alleged earnings averaged from $125 to $150 per week. As a result of the accident, plaintiff became a patient in a hospital under the care of Dr. J. Meredith. Dr. Meredith stated, in substance, that the plaintiff was admitted to the hospital in an unconscious condition resulting from the concussion received; he had a laceration of the scalp on the right side and a laceration of the

tongue, and several teeth were loosened; he complained of severe pains in his back for several days and an X-ray picture of the back and skull disclosed that there was no fracture of the skull or any injury to the back.

After a nine-day stay in the hospital plaintiff was discharged and advised to rest for a period of time—no duration of time being stated. Plaintiff then went to Florida and remained there four and a half months. Though the physician stated that he advised plaintiff to stay out of the hot sun, plaintiff testified: "I baked in the sun for four and a half months which helped me."

Plaintiff returned to Virginia to attend the trial of the case and on the day before the trial he was examined by Dr. Meredith who, in testifying, stated the result of this examination as follows:

"I examined Mr. Peterson and he showed a healed laceration of the tongue, and he has a scalp wound on the right side. He complained to me of headaches and dizziness, which occurred several times a week. He complained also of pain in the back, more or less along the back generally, and he did not feel that he could carry on his work properly. In examining him we found (Dr. Coleman and I) no sign of any concussion of the brain. We found no paralysis or anything of that sort, but these complaints indicated concussion of the brain, a shaking up of the brain."

In contradiction of the medical testimony introduced by the plaintiff and in contradiction of plaintiff's evidence as to his physical condition and inability to pursue his usual vocation, the defendant introduced as witnesses Dr. J. K. Richardson and Dr. H. W. Decker. Dr. Richardson testified that he had examined the plaintiff prior to the trial; that the scalp wound and tongue laceration had completely healed; that he had lost one tooth; that he was suffering from pyorrhea; that, though plaintiff complained of pains in the back, he found "no objective symptoms or signs of limitation;" that he could not detect any spasm of the muscles or limitation of movement; and that he was unable to find anything in the condition of

plaintiff to indicate he was suffering with any injuries other than those indicated by his own statements.

Dr. Decker testified that he examined plaintiff and that the lacerations had completely healed. In response to the question: "Did he have anything that would cause him to have those troubles of which he complained that you could find?" he answered:

"No, I could find absolutely no cause for those complaints. He had no limitation of motion, no tender spots. His complaints of his back were very general. He said his back hurt him up and down, but I could not find anything to account for it except what he told me."

Plaintiff contends there is no dispute as to the amount of damages proved by the plaintiff, and therefore, under the provisions of section 6251, the trial court was warranted in fixing the amount of damages.

■■ There is no question that in a case where the liability has been fixed by the jury and there is in the evidence no conflict in regard to the damages suffered by the plaintiff, the trial court can set aside the verdict of the jury and enter judgment in an amount warranted by the evidence. *Apperson-Lee Motor Co.* v. *Ring*, 150 Va. 283, 143 S. E. 694; *Kemp* v. *Miller*, 166 Va. 661, 186 S. E. 99.

■ While it is true there is no contradiction of the statement of plaintiff that his average earning-power was between $125 and $150 per week, there is a most serious conflict of evidence as to the extent of plaintiff's injuries and the length of time required for a complete recovery. The conclusion of the trial court seems to be based upon the theory that no conflict in the evidence exists. This position is, under the facts disclosed, untenable. The jury was warranted in accepting the statements of defendant's medical witnesses that the plaintiff had suffered no permanent injuries, that his present injuries were negligible, and that his sojourn in Florida was, from a standpoint of health, unnecessary.

The question of conflict of evidence being one for the jury to solve, it follows that the trial court erred when it arbitrarily assumed that responsibility.

The judgment of the trial court will be set aside and annulled, and the verdict of the jury in favor of the plaintiff for the sum of $450 will be reinstated by an order of this court.

*Reversed.*