# Richmond

## L. D. Isenhour and Others v. Frank J. McGranighan.

November 24, 1941.

Record No. 2408.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Tuck & Mitchell,* for the plaintiffs in error.

*McKinney & Settle* and *Don P. Bagwell,* for the defendant in error.

Hudgins, J., delivered the opinion of the court.

On November 8, 1939, between 6:30 and 7:00 p. m., Frank J. McGranighan was *en route* from Roxboro, North Carolina, to South Boston, Virginia. As he came over the crest of a hill and started down a twelve per cent grade, he saw approaching two trucks owned by defendants. The front truck side-swiped his car and caused it to swerve to the left side of the road at a forty-five degree angle and into the left side of the rear truck, which was traveling less than seventy-five feet behind the front truck. As a result of the collisions, plaintiff's automobile was demolished and he sustained severe and permanent injuries, for which he seeks to recover damages in this action. The jury returned a verdict for $1,000, which, on motion of the plaintiff, the trial court increased to $3,000, and rendered judgment therefor. From this judgment defendants obtained this writ of error.

Defendants assign three errors. The first is to the action of the court in refusing to set aside the verdict and enter judgment for defendants on the ground that plaintiff had failed to prove defendants guilty of negligence. The second error assigned involves the giving and refusing of certain instructions. The third error assigned challenges the power of the court to raise the verdict of the jury from $1,000 to $3,000 and render judgment for that amount in behalf of plaintiff.

It would be useless to recite the evidence in detail. Suffice it to say that the evidence on the questions of the negligence of defendants and the contributory negligence of plaintiff was in conflict, thereby creating issues for the jury to determine.

On the second assignment of error, defendants concentrate their attack upon three instructions given for plaintiff over the defendants' objection. Instruction No. 1, in substance, told the jury that if they believed from the evidence that the second truck was traveling within 200 feet of the foremost truck, and that, as a proximate result of that fact, plaintiff suffered the injuries of which he complains, then the jury should find for the plaintiff. There were three objections made to the instruction: First, that there was no evidence tending to show that the two trucks were traveling on the highway closer than 200 feet apart; second, that there was no causal connection between the proximity of the trucks and the resulting injuries to plaintiff; and, third, that it was not the purpose of the statute to cover such a situation as was disclosed by the evidence.

There is no merit in these objections. As to the first objection, there was testimony by several witnesses that the trucks were traveling along the highway closer than 200 feet apart. The undisputed evidence discloses that, as a result of the two collisions, plaintiff's car was rendered practically worthless. The evidence does not disclose the extent of the damage to either the plaintiff or his car by the collision with the front truck. The bulk of the damage to property and injury to plaintiff seems to have been a result of the collision of his car with the second truck.

The driver of any motor truck or bus who follows (outside of the corporate limits of cities or towns) another truck or bus within 200 feet violates Code, sec. 2154(119)(b). A violation of this statute is negligence, and if such negligence is the proximate cause of injury to another, then such other is entitled to recover.

It is conceded that the impact with the front truck caused plaintiff to lose control of his car and caused it to swerve to the left at an angle of 45 degrees into the rear truck with such force that it knocked the front wheels of the truck under the housing and the front of

the truck into the ditch on the right, facing south. Whether the proximity of the rear truck to the front truck, in violation of the statute, was a contributing cause of the damage suffered by plaintiff was, under the facts, a question for the jury.

This disposes of the objection raised to the instruction in the lower court. However, as the case will have to be reversed on other grounds, we think it pertinent to call the trial court's attention to the fact that this instruction is erroneous because one of the issues in the case was whether plaintiff was guilty of contributory negligence. The instruction concludes with the direction to find for plaintiff without alluding to the question of plaintiff's contributory negligence. For that reason, the instruction should not, in its present form, be given on another trial.

We find no error in instruction No. 3, except that, upon the hypothesis stated, it directs the jury to find for plaintiff and ignores the question of plaintiff's contributory engligence.

Instruction No. 8 reads as follows: "The court instructs the jury that automobile freight trucks engaged in long distance hauling measurably monopolize the highway and add to the peril of their use, and for that reason are dangerous instrumentalities, and a high degree of care is required by those operating them."

The giving of this instruction constitutes reversible error.

It is contended that the instruction is correct because it is couched in language found in the opinion of *Aronovitch* v. *Ayres*, 169 Va. 308, 193 S. E. 524. In that case an employee, riding on a truck capable of carrying 32,000 pounds, was injured when the truck ran off the highway. The injured employee based his claim for recovery on the negligence of the employer in failing to equip and maintain his truck with proper brakes. The size and weight of the truck were relevant questions in deciding that issue. The trucks described in this record

were empty at the time of the accident and were used in hauling brick. One had a flat bottom with no top or sides. The other seems to have had lattice sides not particularly high. There is no testimony tending to show that either of the trucks in question violated any statute or regulation as to height, weight or length.

In *News Leader Co.* v. *Kocen,* 173 Va. 95, 3 S. E. (2d) 385, 122 A. L. R. 842, we quoted the former opinion of Judge Burks in *Abernathy* v. *Emporia Mfg. Co.,* 122 Va. 406, 413, 95 S. E. 418, 420, as follows: "Language used by an appellate court in deciding a case may be entirely proper and correctly state the law, and yet be wholly unsuitable as an instruction to the jury, even where the facts of the two cases are similar. The appellate judge frequently uses argumentative language and also freely expresses his opinion upon the facts of the cases, neither of which would be appropriate in an instruction to the jury. So that the mere fact that certain language has been used by the judge of the appellate court in rendering an opinion is not of itself sufficient to justify the use of the same language by a trial court in its instruction to the jury."

The testimony of the eye-witnesses to the collision was in sharp conflict. Other witnesses did not agree as to the location of the physical marks on the highway at or near the scene. The verdict for the plaintiff is supported by the evidence he introduced. The evidence offered by defendants is likewise ample to support a verdict in their favor. No serious question was raised as to the fact that plaintiff was painfully and permanently injured. The difference in value of his automobile before and after the accident is not questioned. Indeed, plaintiff filed an account showing that his medical and hospital expenses, plus damage to personal property and other sums necessarily expended, totaled $1,514; and that $1,486 was the arbitrary sum fixed as compensation

for the pain, suffering and permanent loss of partial use of his right hand. The argument is that the total of these itemized losses fully justified the trial judge in increasing the amount of recovery from $1,000 to $3,000.

In support of this contention plaintiff relies upon Code, sec. 6251, and the following cases: *Apperson-Lee Motor Co.* v. *Ring,* 150 Va. 283, 143 S. E. 694; *Forbes & Co.* v. *Southern Cotton Oil Co.,* 130 Va. 245, 108 S. E. 15; *Bass* v. *Peterson,* 168 Va. 273, 191 S. E. 519; *Kemp* v. *Miller,* 166 Va. 661, 186 S. E. 99; *Glass* v. *Pender Gro. Co.,* 174 Va. 196, 5 S. E. '(2d) 478; and *Rawle* v. *McIlhenny,* 163 Va. 735, 177 S. E. 214, 98 A. L. R. 930. It is significant to note that in no case cited has this court approved a judgment of the trial court where it appeared that the trial court had set aside a verdict of the jury and, without a jury, assessed damages for personal injuries alleged to have been sustained.

While the language in Code, sec. 6251, may be broad enough to confer upon trial courts the power to set aside a verdict in any civil action and ascertain the amount of unliquidated damages without impaneling a new jury for that purpose, this is the second case brought to our attention in which the trial court has attempted to exercise the power in an action to recover damages for personal injury. See *Bass* v. *Peterson, supra.*

If the evidence, in an action to recover unliquidated damages, showed that the amount of damages fixed by the jury was grossly inadequate or grossly excessive, trial courts, at common law, have, with due caution, exercised the power to set aside such verdicts and grant new trials, or, in the event the amount of the verdict was grossly excessive, have put the plaintiff on terms and entered judgment for a smaller sum. Under the present statute (sec. 6251) the practice, in such cases, is for the trial court to set aside the verdict and

impanel a jury to assess proper damages. We said, in *Rawle v. McIlhenny, supra,* that in cases "in which the evidence is insufficient to sustain a verdict finding the defendant *not* liable * * * it is generally held that the court will set aside the verdict on the ground of inadequacy and grant a new trial, whether the verdict be for merely a nominal amount or for a substantial but inadequate sum. And, where the practice of granting in proper cases new trials limited to the question of damages prevails (as it does in Virginia), the new trial should be limited to the question of the amount of the damages."

This court reversed the trial court in *Glass* v. *Pender Gro. Co., supra,* for its refusal to set aside the verdict on the ground that it was inadequate and impanel a new jury to ascertain the amount of damages. In that case, the liability of defendant was not seriously questioned. The only substantial issue in the case was the amount of damages to which plaintiff was entitled. After reciting the facts, Mr. Justice Spratley, speaking for the court, said:

"Those facts are sufficient to bring the case within the previously announced exceptions to the general rule which support a jury's measure of damage in cases of personal injury under other circumstances. It is not our purpose to change the principles of the general rule or to enlarge or increase the extent of its application. This case exemplifies the application of the rule under its peculiar facts, and the salutary control which the courts should exercise over the verdicts of juries."

The judgment was reversed and the verdict set aside on the ground that the amount of the verdict was grossly inadequate. The case was remanded to the trial court with directions to impanel a jury to ascertain one issue, namely, the amount of damages to which plaintiff was entitled.

In the pending case, the liability of defendants was the dominant issue. If the jury believed the testimony for defendants, there was no liability. For a more detailed discussion of the principles by which the trial court should be governed under such circumstances, see *Rawle* v. *McIlhenny, supra.*

■ For the error of the court in giving instructions, and for its action in setting aside the verdict of the jury and itself assessing damages, the judgment of the trial court is reversed, the verdict of the jury set aside, and the case remanded for a new trial on all issues.

*Reversed and remanded.*