# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Virginia Auto Max, Inc.

v.

Fredericksburg Truck
and 4 x 4, Inc.

Case No. CL96-294

Fredericksburg Truck
and 4 x 4, Inc.

v.

Virginia Auto Max, Inc.

Case No CL97-188

April 27, 1998

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the court should enter judgment on the jury's amended verdicts after the court rejected the original verdicts in these consolidated cases.

## Facts

Virginia Auto Max sued Fredericksburg Truck and others for fraud and breach of contract in connection with a motor vehicle sale. Later, Fredericksburg Truck sued Virginia Auto Max for breach of contract alleging that the parties had reached a compromise settlement of Virginia Auto Max's

claim and that Virginia Auto Max had breached the settlement agreement by filing the action in # CL96-294.

By agreement, the two cases were consolidated for trial. The cases were tried with a jury on March 10, 1998. Virtually all of the material facts were disputed.

In # CL96-294, Virginia Auto Max presented evidence that it had purchased a 1995 Ford Taurus from Fredericksburg Truck through the Fredericksburg Auto Auction on July 20, 1995; that the car had been wrecked and suffered frame damage; that Fredericksburg Truck misrepresented the condition of the car to Virginia Auto Max; that Fredericksburg Truck knew that Virginia Auto Max was purchasing the car for resale; that Fredericksburg Truck knew or should have known that Virginia Auto Max could not resell the car in the ordinary stream of commerce because of the frame damage; that Fredericksburg Truck breached its warranties and representations; that Fredericksburg Truck committed fraud by misrepresenting the condition of the vehicle; and that Virginia Auto Max sustained damage.

Fredericksburg Truck denied the allegations and presented evidence in conflict with the evidence presented on behalf of Virginia Auto Max. Fredericksburg Truck disputed that the car had sustained "frame damage" at all and further disputed that it had misrepresented the condition of the vehicle.

In # CL97-188, Fredericksburg Truck produced testimony regarding the parties' agreement to settle the claim. Witnesses for Virginia Auto Max denied that any such agreement was reached.

At the conclusion of the trial, the court instructed the jury. None of the instructions dispositive of the issues here were disputed. The jury was given two verdict forms, one for each case. After deliberations, the jury returned a verdict in # CL96-294 in favor of Virginia Auto Max and assessed damages at $15,100.00 and a verdict in # CL97-188 in favor of Fredericksburg Truck and assessed damages at $5,000.00.

The court rejected the verdicts as improper because they were inconsistent. The court informed the jury that it could not find in favor of both parties and instructed the jury to return to its room, reread the instructions, review the evidence, and deliberate further.

Some time later, the jury returned with amended verdicts. In # CL96-294, the jury maintained its verdict in favor of Virginia Auto Max in the amount of $15,100.00 ($14,100.00 as compensatory damages and $1,000.00 as punitive damages). In # CL97-188, the jury found in favor of Virginia Auto Max.

The court received these verdicts, discharged the jury, heard post-verdict motions, and invited counsel to submit written motions and memoranda.

Those motions and memoranda have been received, and this opinion addresses the issues raised with respect to the verdicts.

### Whether the Court Properly Rejected the Original Verdicts and Returned the Matter to the Jury for Further Deliberations

When the court rejected the original verdicts and directed the jury to deliberate further, neither party objected. The court operated on the assumption that the parties agreed with the court that the verdicts were improperly inconsistent.

In any event, the original verdicts were improperly inconsistent. In order to find for the plaintiff Virginia Auto Max in # CL96-294, the jury had to conclude that that claim had not been settled by a compromise agreement. In order to find for the plaintiff Fredericksburg Truck in # CL97-188, the jury had to conclude that the parties had reached a settlement agreement and that Virginia Auto Max breached it, a circumstance that would preclude Virginia Auto Max's recovery on its underlying claim. Thus, verdicts in favor of the plaintiff in *both* cases were defective and impermissible. The inconsistent verdicts evinced confusion or mistake, perhaps both, on the part of the jury.

It is well settled that a jury may amend its verdict at any time before it is discharged. See 19 M.J., *Verdict*, § 17. As to a matter of form only, a correction can be made by the jury, or by the clerk or court in the presence of the jury, in open court. If the jury is polled and each juror assents to the correction, the irregularity is cured. However, when it is necessary to amend the verdict in a matter of substance, the jury should be sent back to the jury room for further deliberation where the jurors can find such verdict as they deem proper untrammelled by the presence or influence of others. *Porterfield v. Commonwealth*, 91 Va. 801 (1895); *see also, LeMelle v. Commonwealth*, 225 Va. 322 (1983).

Therefore, the court is of the opinion that it did not err when it rejected the original verdicts and returned the jury to its room for further deliberations.

It is apparent that in its second deliberation, the jury re-examined the evidence and decided that there had been no compromise settlement agreement. Thereupon, it amended its verdict in # CL97-188 to find in favor of Virginia Auto Max and let stand its verdict in favor of Virginia Auto Max on the underlying claim.

In essence, once the jury was informed that it could not have it both ways, it changed its collective mind and unanimously found in favor of Virginia Auto Max in both cases.

### *Whether the Verdicts Can Stand Even*
### *Though the Jury Reversed Its Earlier Decision*

Obviously, the jury's amended verdict in # CL97-188 did not merely correct an irregularity or defect as to form. Instead, it was a substantive change and, in fact, it represented a complete reversal of the jury's earlier decision in that case.

Nevertheless, the court is of the opinion that the amended verdict is proper. As noted above, a jury may amend its verdict at any time before it is discharged.

In *Sledd v. Commonwealth*, 60 Va. (19 Gratt.) 813 (1870), the defendant was charged in an indictment containing three counts. The jury returned a verdict of guilty. The defendant moved to set aside the verdict because the jury did not specify on which count it had convicted the defendant, and furthermore, the Commonwealth had presented no evidence on counts two and three. Upon overhearing the motion, some of the jurors told the court that they desired to amend the verdict. The court inquired of the jury whether they wished to amend their verdict and each responded in the affirmative. The court sent the jury back to its room. The jury returned with a verdict finding the defendant guilty under the first count and not guilty under the second and third counts. The Supreme Court affirmed the conviction, noting that if the jury has not been discharged, "it is familiar practice ... to allow the jury to amend their verdict."

### *Motion to Set Aside Verdict in # CL96-294 or Remittitur*

Fredericksburg Truck also argues that even if the court accepts the amended verdicts, it should set aside the verdict in # CL96-294 or require Virginia Auto Max to remit a portion of its recovery under Virginia Code § 8.01-383.1 because the plaintiff's own evidence does not support compensatory damages of $14,100.00.[1]

Virginia Auto Max paid $13,640.00 (including auction fees) for the car. According to testimony of Virginia Auto Max, the car was actually worth only $7,000.00 to $7,500.00. Therefore, the correct measure of direct damages,

---

[1] In *Supinger v. Stakes*, 255 Va. 198 (1998), the Supreme Court invalidated the additur provisions of § 8.01-383.1 as unconstitutional; however, the opinion specifically exempted the remittitur provisions of the statute.

shown by the plaintiff's own evidence, is $6,640.00. *See* 8B M.J., *Fraud and Deceit*, §§ 36 *et seq.*; 5C M.J., *Damages*, §§ 20 *et seq.*

Admittedly, as Virginia Auto Max contends, its witnesses testified that it could not resell the vehicle in the ordinary course of business because of the frame damage. This circumstance, Virginia Auto Max contends, rendered the car of no value to it and thus entitles it to recover the entire purchase price plus consequential and punitive damages, as the jury decided.

In response, Fredericksburg Truck argues that the evidence is insufficient for a finding that the car had sustained frame damage.

Whether the car had sustained frame damage, and what the term "frame damage" actually means, are not important to a resolution of this issue. The jury found, on controverted testimony, that the car was substantially less than represented. However, under no rational interpretation of the evidence can it be said that there was any evidence upon which the jury could conclude that the car was *worthless*. In order for the jury properly to award damages in an amount equal to the full purchase price paid for the car by Virginia Auto Max, there must be some evidence that the car had zero value. Otherwise, such a result would be tantamount to rescission, relief not sought and not appropriate in this action for damages.[2]

For these reasons, the court finds that the plaintiff's own evidence clearly establishes its direct damages at $6,640.00.

In addition, the plaintiff's evidence proved consequential damages of $700.00. Therefore, the correct award of damages is $7,340.00, plus punitive damages of $1,000.00 as fixed by the jury's verdict, for a total of $8,340.00.

Under Virginia Code § 8.01-430, a trial court is empowered in a civil action to enter judgment *non obstante veredicto* on the ground that the verdict is contrary to the evidence or without evidence to support it. This power can only be exercised where the verdict is plainly wrong or without credible evidence to support it. If there is a conflict in the testimony on a material point, or if reasonable persons may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury. *Lane v. Scott*, 220 Va. 578 (1979); *Carter v. Lambert*, 246 Va. 309 (1993). Where liability has been fixed by the jury and there is no reasonable conflict in the evidence in regard to damages, the trial judge can set aside the verdict and enter judgment in an amount warranted by the

---

[2] Furthermore, the result would amount to rescission without return of the item sold, a remedy unknown to law or equity.

evidence. *Bass v. Peterson*, 168 Va. 273 (1937). In fact, because the statute is intended to secure speedy determination of litigation, the trial court should not hesitate to enter final judgment in cases where it is clear that the ends of justice can thereby be attained. *Gable v. Bingler*, 177 Va. 641 (1941). *Also see* Bryson, *Virginia Civil Procedure* (3d ed. 1997) pp. 455-458, esp. at p. 457.

Under circumstances explained above, neither a new trial under § 8.01-383 nor remittitur under § 8.01-383.1 is necessary or appropriate.

## Conclusion

The jury's amended verdicts will be accepted by the court.

On the jury's amended verdict in # CL97-188, judgment will be entered for the defendant Virginia Auto Max.

The jury's amended verdict in # CL96-294 is for a greater sum than the plaintiff is entitled to recover based on the evidence. Therefore, the verdict is set aside. Because the court can readily ascertain the proper amount of damages based on the plaintiff's own evidence, the court will enter final judgment under § 8.01-430 in favor of Virginia Auto Max against Fredericksburg Truck and Redmond in the sum of $7,340.00 compensatory damages and $1,000.00 punitive damages, for a total of $8,340.00.