## CHRISTMAN *v.* WEIL

[No. 3, October Term, 1950.]

*Decided November 2, 1950.*

*Motion to dismiss appeal denied November 2, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Edward D. Storm* for appellant.

*Robert E. Clapp, Jr.,* with whom was *Alton Y. Bennett* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Defendant appeals from a judgment against him entered by the trial court sitting without a jury, for damages to the appellee's gasoline tank truck. The sole question involved is whether the appellee is guilty of contributory negligence either as a matter of law, or in fact.

Appellant was driving his car along a public highway in Frederick County. He stopped just off the highway to permit Mrs. Huber, an employee, to take the wheel. A tractor-trailer milk truck was behind him, and, after going over a slight grade, or knoll, the driver of the milk truck saw the change of drivers, and slowed down to enable appellant's car to proceed under its new driver, and to keep ahead of his milk truck. Mrs. Huber started back into the highway in low gear, but did not release the emergency brake which had been put on by the appellant when he stopped. When she put the car in second gear, the emergency brake held it, so that it came to a sudden stop. The driver of the milk truck immediately applied his brakes, and managed to stop without hitting the appellant's car.

Behind the milk truck was appellee's cab-over-engine gasoline tank truck carrying a full load of gasoline and other fluid. This truck ran into the rear of the milk truck, and was damaged, and the suit was brought by the appellee against the appellant for this damage. It is not contended by the appellant that he was not negligent, but the contention is made that if the appellee's chauffeur had been using due care, he would have been able to stop, and that the proximate cause of the accident was his failure to keep at a safe distance behind the milk truck.

The appellant invokes the provisions of Article 66½, Section 169, 1947 Supplement, Annotated Code, page 1202. This section is as follows:

"169. (Following Too Closely.) (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

"(b) The driver of any commercial motor vehicle or motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district shall not follow within 150 feet of another commercial motor vehicle or motor vehicle drawing another vehicle. The provisions of this sub-section shall not be construed to prevent overtaking and passing nor shall the same apply upon any one specially designated for use by motor trucks."

The testimony of appellee's chauffeur is that he was going along at ordinary speed about 30 to 35 miles an hour and "all of a sudden this truck raised up in front of me and before I gathered myself up ran into it". He saw no signal from the truck ahead, that it was going to stop, and did not see appellant's car at all, as this was apparently obscured by the milk truck. As soon as he observed the truck raising up in front of him, he "started to make preparation to stop". He put on all the brakes he had, but this did not suffice. He testified he was 40 to 50 feet back of the milk truck, that he drives at that distance generally behind another truck, and that, in his opinion, is a safe distance. He was 55 years old and had been driving automobiles since he was 16. The appellant contends that this testimony shows that appellee's chauffeur was not keeping a proper lookout, since he said he noticed nothing along the side of the road and did not look on the side, and that he did not notice the milk truck slow down. He also testified that he never knew anything about the provisions of Section 169 (b).

The General Assembly of 1941 authorized the appointment of a commission to revise the motor vehicle laws

(Acts of 1941, Chapter 724). This commission made a report with a proposed new act which it said was modeled largely on the Uniform Motor Vehicle Law, with such changes as it thought might be advisable. The General Assembly of 1943 passed the recommended statute, with some changes, as Chapter 1007 of the Acts of 1943, and Section 169, as quoted above, is the product of that act. Subsection (b) is slightly different from the Uniform Act. The latter, (see Uniform Motor Vehicle Acts, Section 31(b), 11 Uniform Laws Annotated) reads as follows: "The driver of any motor truck when traveling upon a highway outside of a business or residence district shall not follow another motor truck within one hundred feet, but this shall not be construed to prevent one motor truck from overtaking and passing another."

It will be noted that the Maryland statute makes a distance of 150 feet instead of 100, and adds the provisions "* * * nor shall the same apply upon any lane specially designated for use by motor trucks."

This provision of the Uniform Law has been adopted, with variations, by a number of states. The distance varies from 100 feet to 200, to 300, and, in one state at least, Michigan Comp. Laws 1948, § 256.317, to 500. There have been very few cases interpreting it. In a case in Virginia, the Supreme Court of Appeals said that the driver of any motor truck or bus who follows (outside of the corporate limits of cities or towns) another truck or bus within 200 feet violates the code, and a violation of this statute is negligence, and, if such negligence is a proximate cause of injury to another, then the other is entitled to recover. *Isenhour v. McGranighan,* 178 Va. 365, 17 S. E. 2d 383. The Supreme Court of Indiana criticized the Virginia case for not discussing the question of causal connection between the violation of the statute and the plaintiff's injury, and reversed a judgment because there was no casual connection shown between the violation of the statute and the injuries sustained by the plaintiff. *Hays Freight Lines v. Wilson,* 226 Ind. 1, 77 N. E. 2d 580. In a case in Arkansas

where the statute was in existence, it was not discussed, but the court said that whether the closeness of the rear truck to the forward truck was the proximate cause of the injury was a question for the jury. *Jones v. King,* 211 Ark. 1084, 204 S. W. 2d 548.

It seems to us quite clear from the additional words added by the Legislature to the Uniform statute that the purpose of Section 169(b) was not to protect the trucks from a collision with each other, but to provide sufficient space between them to permit lighter vehicles to pass. All motorists have experienced the difficulty of passing a line of trucks where there is no interval between them. The statute provides the interval. Trucks, as other vehicles, are covered by Section 169 (a), and it is to this sub-section that we must look to find whether the appellee was guilty of negligence contributing to the accident.

Section 169(a) has been before this court a number of times, one of the later cases being *Mitchell v. Dowdy,* 184 Md. 634, 42 A. 2d 717. In that case, the question of the negligence of the driver of the vehicle in the rear was held to be a question of fact to be determined by the jury. That is the general rule, unless no other conclusion that that of negligence can be reached by a rational mind. In the recent case of *Sieland v. Gallo,* 194 Md. 282, 287, 71 A. 2d 45, 47, this court said: "As to how closely one automobile should follow another depends upon the circumstances of each case, namely, the speed of such vehicles, the amount of traffic, and the condition of the highway." In the case before us, we are unable to find that the actions of the chauffeur of the appellee were so clearly negligent that we can so hold as a matter of law.

The trial judge heard the witnesses and had the case explained to him by them in a way that is not possible to reproduce before us on appeal. Our rule (General Rules of Practice and Procedure, Part III, Rules Applicable to Law Only, III, Trials, Rule 9(c) ), provides that upon appeal from a case tried by the court without a jury, this court may review upon both the law and

the evidence, "* * * but the judgment of the trial court shall not be set aside on the evidence, unless clearly erroneous, * * *". We cannot, upon this record, find that the judgment of the trial court was clearly erroneous, and therefore it will have to be affirmed.

We have considered the motion of the appellee to dismiss the appeal, but we do not think the grounds alleged are sufficient to justify this action.

*Motion to dismiss appeal denied.*

*Judgment affirmed with costs.*